UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CENTENNIAL INSURANCE CO.**                        **CIVIL ACTION**

**VERSUS**                                          **NO. 04-1067**

**BUSINESS LOAN CENTER, INC.**                      **SECTION "K"(4)**

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment (Doc. No. 19) filed by Centennial Insurance Company ("Centennial"). Centennial contends that under the terms of the insurance policy at issue, the Business Loan Center has no standing to assert a claim to proceeds of the insurance policy as BLC is neither an assured nor additional insured at any pertinent time. Having reviewed the pleadings, memoranda, the insurance policy and the relevant law, the Court finds no merit in the subject motion.

**Background**

Centennial issued a Hull and Machinery Policy to Anthony Nguyen ("Nguyen"), in Louisiana with respect to the F/V LUCKY PHONG PHU for the period April 26, 2003 to April 26, 2004. (Complaint, ¶ VIII). Business LoaN Center ("BLC") held a preferred ship mortgage on the LUCKY PHONG PHU. As mortgage holder, BLC required that the vessel be insured and that Nguyen obtain a breach of warranty coverage in favor of BLC.[1] Such coverage is an

---

[1] The Breach of Warranty endorsement provides in relevant part:

The interest of Business Loan Center and U.S. Small Business Administration, not to exceed $500,000.00, shall not be impaired or invalidated by any failure to comply with any warranty or condition over which the mortgagee has not control, other than a change in title or ownership of the vessel. The foregoing, however shall in no event be construed to enlarge the nature, scope or number of perils insured against by the policy of insuance to which this endorsement is attached.

"independent or separate undertaking" between the mortgagee and the insurer which protects a mortgagee's rights to the insurance proceeds even if the named insured (the vessel owner) fails to fulfill a policy condition or warranty. As such, it is named as a "loss payee" under the policy, not an additional insured.

Nguyen apparently came on hard times and was in arrears on his mortgage payments. Nguyen left the vessel at a dock for a period of time. While docked, the vessel was ransacked and equipment was stolen or damaged. The loss was discovered on February 27, 2004.

BLC filed suit on April 19, 2004 to foreclose on the vessel mortgage and arrested the vessel. Learning of the damage to the vessel, it filed an insurance claim against the Centennial hull policy. Centennial denied the claim and filed the instant suit wherein it claims that BLC as loss payee has no standing to bring a claim.

**Standard for Summary Judgment**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.   "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment.  Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits.  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact.  *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed."  *Leonard v. Dixie Well Service & Supply, Inc*., 828 F.2d 291, 294 (5th Cir. 1987).  As such, the Court will now turn to the issue at hand.

**Analysis**

As noted in *Boudreaux v. Shannon Marine, Inc*. 875 F.2d 511, 513 (5th Cir. 1989), "under *Wilburn Boat,* 'the interpretation of a contract of marine insurance is--in the absence of a specific and controlling federal rule--to be determined by reference to appropriate state law.' " *Transco Exploration Co. v. Pacific Employers Ins. Co.,* 869 F.2d 862, 863 (5th Cir.1989) (quoting

*Ingersoll-Rand Financial Corp. v. Employers Ins. of Wausau,* 771 F.2d 910, 912 (5th Cir.1985), *cert. denied,* 475 U.S. 1046, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986))." Thus, there being no controlling federal rule, the Court will apply Louisiana law.

The issue of standing was addressed in *Ingersoll-Rand Financial Corp. v. Employers Ins. of Wausau,* 771 F.2d 910 (5th Cir. 1985), where a mortgagee brought an action against a marine hull insurer to recover under a standard mortgage clause for the theft-loss of the insured vessel. In that case, the court held that although the theft of the vessel was not a risk covered by the policy between the mortgagor insured and insurer, the loss of the vessel was nevertheless insured as to the mortgagee's interest under the terms of the standard mortgage clause agreement between mortgagee and insurer where the theft-loss of the vessel resulted from the mortgagor's negligence.

The Fifth Circuit applying Louisiana law stated in connection with a "standard" mortgage clause stated:

> Under this clause, " 'an independent or separate undertaking exists between the mortgagee and the insurer, which contract is measured by the terms of the mortgage clause itself. There are accordingly in substance two contracts of insurance, the one with the mortgagee, and the other with mortgagor.' " *May, supra,* 387 So.2d at 1084, quoting § 42:694, Couch on Insurance 2d (1963) now at Couch on Insurance 2d (Rev. ed. 1982) § 42:728. As is uniformly held, under a standard mortgage clause the mortgagee may recover for the loss of the insured property (up to the amount of his debt and within the limits of the mortgage clause) despite a policy defense against the mortgagor-insured himself, at least where (as here) the fault or neglect of the latter has occasioned the loss to the detriment of the interest of an insured mortgagee. *See also* Couch on Insurance 2d, *supra,* §§ 717, 719, 720, 725, 728, 736-739; 5 Appleman and Appleman, Insurance Law and Practice, § 3401 at pp. 282, 289-93 (1970). Annotation, "Insured's Fraud-Loss Payee's Rights," 24 ALR 3d 435, 439-40 (1969).

*Id.* at 913. Clearly, the endorsement involved gives BLC standing to pursue its claim on the subject policy. *See also May v. Market Ins.* Co., 387 So.2d 1081, 1083 (La. 1980); *Seafirst Commercial Corp. v. United States Fid. and Guar. Co.*, 780 F.2d 1290, 1293 n. 4 (5th Cir. 1986). As such, the Court finds that the subject Motion for Summary Judgment is meritless. Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Doc. No. 19) filed by Centennial Insurance Company is **DENIED**.

New Orleans, Louisiana, this __18th__ day of April, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**